**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
*-ELECTRONICALLY FILED-*

| | | |
|---|---|---|
| PATRICIA ANN PACE, AS ADMINISTRATRIX OF THE ESTATE OF SARAH ELIZABETH PACE, DECEASED | ) ) ) ) ) | |
| | ) | Civil Action No. 1:12-CV-132-R |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDCO FRANKLIN RE, LLC, D/B/A MEDCO CENTER OF FRANKLIN; MEDCO FRANKLIN RE, LLC; EXTENDICARE HEALTH SERVICES, INC.; AND JOHN DOES 1 THROUGH 5, UNKNOWN DEFENDANTS | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINT NOTICE OF REMOVAL**

Defendants, Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc. ("Extendicare"), by their undersigned counsel, and with reservation of all defenses, hereby remove the above-captioned action from the Simpson Circuit Court, Simpson County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully state:

1.      On or about July 10, 2012, Plaintiff Patricia Ann Pace, as Administratrix of the Estate of Sarah Elizabeth Pace, Deceased, filed this civil action against Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc. in the Simpson Circuit Court, Case No. 12-CI-234.

2.      This action concerns claims of nursing negligence involving Sarah Elizabeth Pace, who died on October 22, 2011.  Plaintiff's Complaint alleges Ms. Pace's death was caused

by the alleged negligence of the nurses and other providers employed by Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc.

3.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc. have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

I.      **MEDCO FRANKLIN RE, LLC, D/B/A MEDCO CENTER OF FRANKLIN AND EXTENDICARE HEALTH SERVICES, INC. HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4.      This Notice of Removal is being filed within 30 days of the first date on which Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc. received a copy of the Complaint through service or otherwise.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5.      The Simpson Circuit Court is located within the Western District of Kentucky, Bowling Green Division, and therefore this civil action is properly removed to this Court pursuant to 28 U.S.C. § 97(b) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also* LR 3.

6.      There have been no further proceedings in the state court action.

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc., which papers include the summons and complaint received by each, is attached as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is being filed with the Clerk of the Simpson Circuit Court.

**II.      REMOVAL IS PROPER IN THIS CASE.**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity among all of the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

**A.      Complete Diversity Of Citizenship.**

10.     There is complete diversity among the Plaintiff, Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc.

11.     Upon information and belief, the Plaintiff is a citizen of the Commonwealth of Kentucky.  The Plaintiff, Patricia Ann Pace, as Administratrix of the Estate of Sarah Elizabeth Pace, Deceased, is the legal representative of the decedent, Sarah Elizabeth Pace, a citizen of Kentucky.  (Compl. ¶ 1.)  Therefore the citizenship of the Estate of Sarah Elizabeth Pace for diversity purposes is, and was at the time this action was filed, the Commonwealth of Kentucky. *See* 28 U.S.C. § 1332(c)(2).  The Plaintiff, Patricia Ann Pace, individually, is, and was at the time this action was filed, a resident and citizen of the Commonwealth of Kentucky.  (Compl. ¶ 2.)  Patricia Ann Pace is also the legal representative of Sarah Elizabeth Pace who was at the time this action was filed a resident and citizen of the Commonwealth of Kentucky.  (Compl. ¶¶ 2-3.)  Therefore the citizenship of Patricia Ann Pace for diversity purposes is the Commonwealth of Kentucky.  *See* 28 U.S.C. § 1332(c)(2).

12.     Medco Franklin RE, LLC, d/b/a Medco Center of Franklin is a citizen of the Commonwealth of Kentucky.  Extendicare Health Services, Inc. was, at the time this action was filed, a corporation with its principal place of business in Milwaukee, Wisconsin.  For purposes of diversity jurisdiction, Extendicare Health Services, Inc. is therefore a citizen of Wisconsin. *See* 28 U.S.C. § 1332(a)(2).

## B.        The Amount In Controversy Requirement Is Satisfied.

13.        The allegations in Plaintiff's Complaint clearly meet the amount-in-controversy threshold.  The Plaintiff alleges Medco Franklin RE, LLC, d/b/a Medco Center of Franklin  and Extendicare Homes, Inc. committed acts of general negligence, medical negligence, corporate negligence as well as violations of long term care resident's rights and that such actions resulted in the death of Sarah Elizabeth Pace.  (Compl. ¶¶ 18-48).

14.        Plaintiff alleges that Sarah Elizabeth Pace suffered "pain and suffering" prior to her death.  Plaintiff further alleges damages based on claims related to "disability and loss of life."  (Compl. ¶ 25.)

15.        Based on these allegations, Plaintiff seeks compensatory damages for: 1) "medical expenses, funeral expenses and other related damages." 2) "disability and loss of life," and 3) "the wrongful death of . . . Sarah Elizabeth Pace"; (Compl. prayer for relief, ¶¶ 47-51.)

16.        Where liability is demonstrated, Kentucky juries in wrongful death cases seeking damages for loss of capacity to earn money routinely render verdicts in excess of $75,000 exclusive of interest and costs.  *See, e.g., Barrett v. Mulligan,* 2010 WL 1404440, *1 (Ky. App. April 9, 2010) (also awarding damages for pain and suffering of decedent before death) (attached hereto as Exhibit B); *Branam v. Burger*, 2009 WL 2192637, *3 n. 2 (Ky. App. July 24, 2009) (attached hereto as Exhibit C); *Hyman & Armstrong, P.S.C. v. Gunderson*, 279 S.W.3d 93, 100 (Ky. 2008) (also demonstrating a loss of parental consortium verdict in excess of the jurisdictional amount).

17.        Moreover, Plaintiff seeks punitive damages against each of the Defendants. (Compl. ¶ 51.)  The United States Supreme Court has indicated a willingness to uphold punitive

damages awards that reflect a single digit multiplier of compensatory damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

18.    Given the nature of the alleged injuries, Plaintiff requests for, *inter alia*, damages for pain of suffering of Sarah Elizabeth Pace prior to her death and the amount of jury verdicts in similar actions where liability is demonstrated, it is evident that the amount-in-controversy requirement is satisfied for each and every claim brought by the Plaintiff.

19.    If any question arises as to the propriety of the removal of this action, the removing Defendants respectfully request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

WHEREFORE, Defendants Medco Franklin RE, LLC, d/b/a Medco Center of Franklin and Extendicare Health Services, Inc. respectfully remove this action from the Simpson Circuit Court of Kentucky, Case No. 12-CI-234, to this Court pursuant to 28 U.S.C. §1441.

Respectfully submitted,

**FROST BROWN TODD, LLC**

*/s/ Edmund J. Benson*
Edmund J. Benson
William J. George
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
Telephone: (859) 231-0000
Facsimile: (859) 231-0011
nbenson@fbtlaw.com
bgeorge@fbtlaw.com
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I further certify that on the same date a true and correct copy of the foregoing was mailed, first-class mail, postage pre-paid, to the following:

Christopher L. Rhoads
RHOADS & RHOADS, P.S.C.
115 East Second Street, Suite 100
P.O. Box 2023
Owensboro, KY 42302-2023

AND

W. Todd Harvey
Camille L. Edwards
BURKE HARVEY & FRANKOWSKI, LLC
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
**COUNSEL FOR PLAINTIFF**

*/s/ Edmund J. Benson*
**COUNSEL FOR DEFENDANTS**

LEXLibrary LR04669.0597781  521006v1