| AOC-105    Doc. Code: CI<br>Rev. 5-03<br>Page 1 of 1    Ver. 1.01<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. __12-CI-234__<br><span style="font-size:small">leave blank if unknown</span><br>Court   [X] Circuit   [ ] District<br>County   __SIMPSON__ |

PLAINTIFF

PATRICIA ANN PACE, AS
ADMINISTRATRIX OF THE ESTATE
OF SARAH ELIZABETH PACE, DECEASED

VS.

DEFENDANT

MEDCO FRANKLIN RE, LLC
D/B/A MEDCO CENTER OF FRANKLIN, et al.

**Service of Process Agent for Defendant:**

____CSC-Lawyers Incorporating Service Company____

____421 West Main Street____

____Frankfort, KY 40601____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___July 11___, 2012      _Jan J. Murphrey_ Clerk

By: _Jimmi R. Pedigo_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

EXHIBIT
A



US POSTAGE PAID
ZIP 42134
0001375980 JUL 12 2
$ 007.0

7011 0470 0002 5935 9535

JAN J. MURPHREE
CIRCUIT COURT CLERK
SIMPSON CIRCUIT & DISTRICT COURTS
SIMPSON COUNTY JUSTICE CENTER
101 NORTH COURT STREET
FRANKLIN, KENTUCKY 42134

CI 12-CI-90234
649250

RETURN REQUESTED

MEDCO FRANKLIN RE, LLC DBA MEDCO CTR FRAN
C/O CSC - LAWYERS INCORP SERVICE CO,
421 WEST MAIN STREET
FRANKFORT KY 40601



Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

July 17, 2012

MEDCO FRANKLIN RE, LLC
CSC-LAWYERS INCORPORATING SERVICE COMPANY
CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI 53717

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:.    CASE NO: 12-CI-234

COURT:  Circuit Court Clerk
        Simpson County
        101 N. Court St.
        Franklin, KY 42134
        Phone: (270) 586-4241

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   **(1)  Your attorney, or**
   **(2)  The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
   **(3)  The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

| AOC-105          Doc. Code: CI | | Case No. 12-CI-234 |
|---|---|---|
| Rev. 5-03 | | leave blank if unknown |
| Page 1 of 1      Ver. 1.01 | CIVIL SUMMONS | Court [X] Circuit [ ] District |
| Commonwealth of Kentucky | | |
| Court of Justice    www.kycourts.net | | County  SIMPSON |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

PATRICIA ANN PACE, AS
ADMINISTRATRIX OF THE ESTATE
OF SARAH ELIZABETH PACE, DECEASED

VS.

DEFENDANT

MEDCO FRANKLIN RE, LLC, et al.

JUL 17 2012

**Service of Process Agent for Defendant:**

| Kentucky Secretary of State | serve: CSC-Lawyers Incorporating Service Company (Fict Name) |
|---|---|
| 700 Capitol Ave, Suite 86 | Corporation Service Company (Corp Name) |
| Frankfort, KY 40601 | 8040 Excelsior Drive, Suite 400 |
| | Madison, WI 53717 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on
the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on
your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by
default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date: _July 11_, 2012      _Jan J. Murphree_ Clerk

By: _Donna R. Redigan_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

OFFICE OF
**SECRETARY OF STATE**
P.O. BOX 718
FRANKFORT, KENTUCKY 40602-0718

 ☑ *REGISTER TO VOTE*



7192 2677 0010 0156 3494

RETURN RECEIPT (ELECTRONIC)



RESTRICTED DELIVERY

**RETURN RECEIPT REQUESTED**

MEDCO FRANKLIN RE, LLC
CSC-LAWYERS INCORPORATING SERVICE COMPANY
CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI 53717

RESTRICTED DELIVERY



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 17, 2012

EXTENDICARE HEALTH SERVICES, INC.
CSC-LAWYERS INCORPORATING SERVICE COMPANY
CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI 53717


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 12-CI-234

COURT:  Circuit Court Clerk
        Simpson County
        101 N. Court St.
        Franklin, KY 42134
        Phone: (270) 586-4241

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    (1)  **Your attorney, or**
    (2)  **The attorney filing this suit whose name should appear on**
         **the last page of the complaint, or**
    (3)  **The court or administrative agency in which the suit is filed**
         **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

---

| AOC-105          Doc. Code: CI<br>Rev. 5-03<br>Page 1 of 1      Ver. 1.01<br>Commonwealth of Kentucky<br>Court of Justice   www.kycourts.net<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. __12-CI-234__<br><span style="font-size:small">leave blank if unknown</span><br>Court  [X] Circuit [ ] District<br>County  __Simpson__ |

<b>PLAINTIFF</b>

PATRICIA ANN PACE, AS
ADMINISTRATRIX OF THE ESTATE
OF SARAH ELIZABETH PACE, DECEASED

VS.

<b>DEFENDANT</b>

EXTENDICARE HEALTH SERVICES, INC., et al.

RECEIVED
JUL 17 2012
by:

**Service of Process Agent for Defendant:**

Kentucky Secretary of State   serve:   CSC-Lawyers Incorporating Service Company (Fict Name)

700 Capitol Ave., Suite 86   Corporation Service Company (Corp Name)

Frankfort, KY 40601   8040 Excelsior Drive, Suite 400

Madison, WI 53717

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___July 11___, 2012          ___Jan G. Muehner___ Clerk

By: ___Donna R. Fodiga___ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

**OFFICE OF**
# SECRETARY OF STATE
P.O. BOX 718
FRANKFORT, KENTUCKY 40602-0718

☑ *REGISTER TO VOTE*



7192 2677 0010 0156 3487

RETURN RECEIPT (ELECTRONIC)

RESTRICTED DELIVERY

**RETURN RECEIPT REQUESTED**

EXTENDICARE HEALTH SERVICES, INC.
CSC-LAWYERS INCORPORATING SERVICE COMPANY
CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI 53717

RESTRICTED DELIVERY

JUL-27-2012 07:53 From:SIMPSON CO CIR CLERK 2705860265          To:18592310011          Page:1/1

FILED IN OFFICE
KB
2012 JUL 19  A 10: 24

SIMPSON COUNTY
CIRCUIT/DISTRICT CLK

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Medco Franklin Re, LLC
dba Medco Ctr. Franklin
C/o CSC - Lawyers Incorp. Service Co.
421 West Main St.
Frankfurt, KY 40601
12-CI-234

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery  JUL 17 2012
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☒ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)   7011 0470 0002 5935 9935

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1840

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ky Sec. of State
P.O. Box 718
Frankfurt, KY 40602
12-CI-234

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ KYLE WILSON  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   REC'D
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☒ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)   7011 0470 0002 5935 9942

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1840

FILED IN OFFICE

COMMONWEALTH OF KENTUCKY
SIMPSON CIRCUIT COURT
CASE NO. __12-CI.234__

2012 JUL 10  A 10: 22

SIMPSON COUNTY
CIRCUIT/DISTRICT CTS.

PLAINTIFF

PATRICIA ANN PACE, AS
ADMINISTRATRIX OF THE ESTATE
OF SARAH ELIZABETH PACE, DECEASED

v.                              **COMPLAINT AND JURY DEMAND**

MEDCO FRANKLIN RE, LLC D/B/A MEDCO                    DEFENDANTS
CENTER OF FRANKLIN; MEDCO FRANKLIN RE, LLC;
EXTENDICARE HEALTH SERVICES, INC.; AND
JOHN DOES 1 THROUGH 5, UNKNOWN DEFENDANTS


SERVE:      Medco Franklin Re, LLC D/B/A Medco Center of
            Franklin
            C/O CSC-Lawyers Incorporating Service Company
            421 West Main Street
            Frankfort, Kentucky 40601

            And

            Kentucky Secretary of State
            700 Capitol Avenue, Suite 86
            Frankfort, KY 40601

            For:  Medco Franklin RE, LLC
                  c/o CSC-Lawyers Incorporating Service Company (Fict Name)
                  Corporation Service Company (Corp Name)
                  8040 Excelsior Drive
                  Suite 400
                  Madison, Wisconsin 53717

            And

            Kentucky Secretary of State
            700 Capitol Avenue, Suite 86
            Frankfort, KY 40601

For: Extendicare Health Services, Inc.
c/o CSC-Lawyers Incorporating Service Company (Fict Name)
Corporation Service Company (Corp Name)
8040 Excelsior Drive
Suite 400
Madison, Wisconsin 53717

COMES NOW Plaintiff, Patricia Ann Pace, as Administratrix of the Estate of Sarah Elizabeth Pace, deceased, and on behalf of the wrongful death beneficiaries of Sarah Elizabeth Pace, and for her cause of action against Defendants, Medco Franklin RE, LLC d/b/a Medco Center of Franklin, Medco Franklin RE, LLC, Extendicare Health Services, Inc and John Does 1 through 5, Unknown Defendants, states:

1.    Patricia Ann Pace is the Administratrix of the Estate Sarah Elizabeth Pace as appointed by the Order of Simpson County District Court, Case No. 11-P-126 (Attachment 1) and therefore brings this action on behalf of Sarah Elizabeth Pace, deceased, and on behalf of the wrongful death beneficiaries of Sarah Elizabeth Pace pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2.    Patricia Ann Pace is the daughter of Sarah Elizabeth Pace, and a resident of Franklin, Simpson County, Kentucky.

3.    Upon information and belief, Sarah Elizabeth Pace was a resident of Medco Center of Franklin (sometimes referred to herein as "the facility"), located at 414 Robey Street, Franklin, Kentucky 42135, from on or about September 2, 2011 until on or about October 18, 2011, when she was transferred to Medical Center at Franklin and died on October 22, 2011.

2

4.     At all times relevant to this action Sarah Elizabeth Pace was of unsound mind, and she remained incompetent until her death on October 22, 2011.

5.     Defendant Medco Franklin RE, LLC d/b/a Medco Center of Franklin ("Medco") is a foreign limited liability company with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53203, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Medco Center of Franklin located in Franklin, Simpson County, Kentucky.  Upon information and belief, Medco Franklin RE, LLC was, at all times material to this action, the "licensee" of the nursing facility.  Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Medco Franklin RE, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility.  The causes of action making the basis of this suit arise out of such business conducted by said Defendant Medco Franklin RE, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Sarah Elizabeth Pace.  The agent for service of process for Medco Franklin RE, LLC d/b/a Medco Center of Franklin is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

6.     Defendant Medco Franklin RE, LLC ("Medco Franklin"), a subsidiary of Extendicare Health Services, Inc., is a foreign limited liability company with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53717.  Defendant Medco Franklin RE, LLC is authorized to do business in the Commonwealth of Kentucky, and is engaged in the business of custodial care of elderly and infirm nursing

3

home residents. Upon information and belief, and at all times material to this action, Defendant Medco Franklin RE, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Medco Center of Franklin in Franklin, Simpson County, Kentucky. The causes of action making the basis of this suit arise out of such business conducted by said Defendant Medco Franklin RE, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Sarah Elizabeth Pace. Defendant Medco Franklin RE, LLC is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served by service of process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital Avenue, Suite 152, Frankfort, Kentucky 40601, for service upon its own agent, CSC-Lawyers Incorporating Service Company (Fict) Corporation Service Company (Corp Name), 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717, by certified mail.

7. Defendant Extendicare Health Services, Inc. ("Extendicare"), is a foreign limited liability company with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53717. Defendant Extendicare Health Services, Inc. is authorized to do business in the Commonwealth of Kentucky, and is engaged in the business of custodial care of elderly and infirm nursing home residents. Upon information and belief, and at all times material to this action, Defendant Extendicare Health Services, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Medco Center of Franklin in Franklin, Simpson County, Kentucky. The causes of action making the basis of this suit arise out of such business conducted by said Defendant Extendicare Health Services, Inc. in the ownership,

4

operation, management, control and/or services provided for the facility during the residency of Sarah Elizabeth Pace. Defendant Extendicare Health Services, Inc. is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served by service of process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital Avenue, Suite 152, Frankfort, Kentucky 40601, for service upon its own agent, CSC-Lawyers Incorporating Service Company (Fict) Corporation Service Company (Corp Name), 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717, by certified mail.

8.      Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Sarah Elizabeth Pace, or directly or vicariously liable for the injuries of Sarah Elizabeth Pace. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said Defendants are named insofar as their acts/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Sarah Elizabeth Pace during her residency at Medco Center of Franklin.

9.      Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Medco Franklin RE, LLC d/b/a Medco Center of Franklin; Medco Franklin RE, LLC; and Extendicare Health Services, Inc.

10.     Whenever the term "Administratrix Plaintiff" is utilized within this suit, such term refers to Patricia Ann Pace.

11.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

5

12.     Defendants controlled the operation, planning, management, budget and quality control of Medco Center of Franklin.  The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

13.     Jurisdiction and venue are proper in this Court.

### FACTUAL ALLEGATIONS

14.     Upon information and belief, Sarah Elizabeth Pace was looking to Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

15.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled, and/or provided services for Medco Center of Franklin, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

16.     Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

6

Defendants authorized or ratified or should have anticipated the acts and omissions in question.

17.   Due to the wrongful conduct of Defendants, Sarah Elizabeth Pace suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a)   Urosepsis;

    b)   Infected decubitus ulcer;

    c)   Dehydration;

    d)   Renal Failure;

    e)   Septicemia;

    f)   Death.

Sarah Elizabeth Pace also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

## CAUSES OF ACTION AGAINST

## NEGLIGENCE

18.   Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 17 as if fully set forth herein.

19.   Nursing Home Defendants owed a non-delegable duty to Sarah Elizabeth Pace, to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

20.   Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity

7

levels as well as the minimal time required for Nursing Home Defendants to perform the essential functions of providing care to Sarah Elizabeth Pace.

21.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)     The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

    1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Sarah Elizabeth Pace, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

    2)     ensuring compliance with the resident care policies for the facility; and,

    3)     ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b)     The failure to develop, implement and follow policies to assist Sarah Elizabeth Pace in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her healing or cure;

c)     The failure to maintain all records on Sarah Elizabeth Pace in accordance with accepted professional standards and practices;

d)     The failure to provide the minimum number of qualified personnel to meet the total needs of Sarah Elizabeth Pace;

e)     Failure to provide Sarah Elizabeth Pace with adequate amounts of fluid to prevent dehydration;

f)     The failure to provide adequate supervision to the nursing staff to ensure that Sarah Elizabeth Pace received adequate and proper sanitary care, medications, repositioning, turning, and skin care;

g)     The failure to ensure that Sarah Elizabeth Pace received adequate assessment of her nutritional needs;

h)     Failure to ensure that Sarah Elizabeth Pace received adequate and proper nutrition, fluids, supervision, medication and skin care;

8

i)     Failure to provide Sarah Elizabeth Pace with adequate sanitary care;

j)     The failure to monitor or increase the number of nursing personnel at the facility to ensure that Sarah Elizabeth Pace:

    1)    received timely and accurate care assessments;

    2)    received prescribed treatment, medication and diet; and,

    3)    received timely custodial, nursing and medical intervention due to a significant change in condition;

k)     The failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

l)     Failure to increase the number of personnel at the facility to ensure that Sarah Elizabeth Pace received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, and nails, oral hygiene, and hair cuts;

m)    The failure to have in place adequate guidelines, and policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

n)    The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility; and,

o)    The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Sarah Elizabeth Pace in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence.

22.   A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries and death to Sarah Elizabeth Pace. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the

9

health and safety of Sarah Elizabeth Pace.

23.   Pursuant to KRS 446.070, Plaintiff also alleges Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Sarah Elizabeth Pace was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

    a)   Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Sarah Elizabeth Pace;

    b)   Violation(s) of KRS 530.060 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Sarah Elizabeth Pace, who was unable to care for himself because of her illness; and

    c)   Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

24.   With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Sarah Elizabeth Pace.

25.   As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Sarah Elizabeth Pace suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the

Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

### MEDICAL NEGLIGENCE

26.    Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 25 as if fully set forth herein.

27.    Nursing Home Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

28.    Nursing Home Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

   a)    The overall failure to ensure that Sarah Elizabeth Pace received the following:

      1)    timely and accurate care assessments;

      2)    prescribed treatment, medication and diet;

      3)    necessary supervision; and

      4)    timely nursing and medical intervention due to a significant change in condition;

   b)    The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Sarah Elizabeth Pace throughout her residency;

   c)    Failure to provide and implement an adequate nursing care plan

11

based on the needs of Sarah Elizabeth Pace;

d)   Failure to provide proper treatment and assessment to Sarah Elizabeth Pace in order to prevent infections, including but not limited to, urinary tract infections and sepsis;

e)   The failure to ensure that Sarah Elizabeth Pace received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, medications, and skin care to prevent skin breakdown;

f)   The failure to provide accurate and complete weekly skin audits on Sarah Elizabeth Pace to effectively detect and prevent skin breakdown;

g)   Failure to provide care, treatment and medication in accordance with physician's orders;

h)   Failure to adequately and appropriately monitor Sarah Elizabeth Pace and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

i)   Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Sarah Elizabeth Pace; and

j)   Failure to ensure Sarah Elizabeth Pace was not deprived of the services necessary to maintain her health and welfare.

29.   It was foreseeable that the breaches of care listed above would result in serious injuries and the death of Sarah Elizabeth Pace. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

30.   With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Sarah Elizabeth Pace.

31.   As a direct and proximate result of such oppression, fraud, malice, or

12

gross negligence, Sarah Elizabeth Pace suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

32.     Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 31 as if fully set forth herein.

33.     Upon information and belief, Sarah Elizabeth Pace was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat him for her problems. There is a presumption that the treatment Sarah Elizabeth Pace received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Sarah Elizabeth Pace, to use the degree and skill of care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

34.     Nursing Home Defendants owed a non-delegable duty to assist Sarah Elizabeth Pace in attaining and maintaining the highest level of physical, mental and

psychological well-being and to promote her cure.

35.    Nursing Home Defendants owed a duty to Sarah Elizabeth Pace to maintain their facility, including providing and maintaining medical equipment; and hiring, supervising and retaining nurses and other staff employees.

36.    Nursing Home Defendants owed a duty to Sarah Elizabeth Pace to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly run facilities and adequate resident care.

37.    Nursing Home Defendants owed a duty to Sarah Elizabeth Pace to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.  The duty of reasonable care and attention extended to safeguarding Sarah Elizabeth Pace from danger due to her mental incapacity to care for himself.  Nursing Home Defendants had a duty to protect Sarah Elizabeth Pace from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which her mental condition or aberration would suggest as likely to happen.

38.    With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Sarah Elizabeth Pace.

39.  . As a direct and proximate result of such oppression, fraud, malice, or

14

gross negligence, Sarah Elizabeth Pace suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

### VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

40.    Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 39 as if fully set forth herein.

41.    Nursing Home Defendants violated statutory duties owed to Sarah Elizabeth Pace as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

42.    The violations of the resident's rights of Sarah Elizabeth Pace include, but are not limited to, the following:

      a)    Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

      b)    Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

      c)    Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

      d)    Violation of the right to be free from abuse and neglect; and

      e)    Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions

of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

43.   As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

44.   With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent, by acting with wanton and reckless disregard for the rights of Sarah Elizabeth Pace and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

45.   Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 44 as if fully set forth herein.

46.   As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, Defendants caused the death of Sarah Elizabeth Pace by their wrongful conduct.

16

47.    Sarah Elizabeth Pace suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress, resulting in her death.  The pain, disfigurement and loss of dignity suffered by Sarah Elizabeth Pace caused her family to suffer more than normal grief upon her death.

48.    As a direct and proximate result of, the wrongful death suffered by Sarah Elizabeth Pace, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against all Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

49.    Plaintiff incorporates all of the allegations contained in Paragraphs 1 – 48 as if fully set forth herein.

50.    As a direct and proximate result of the negligence of all Defendants as set out above, Sarah Elizabeth Pace suffered injuries including, but not limited to, those listed herein.  As a result, Sarah Elizabeth Pace suffered embarrassment and physical impairment, and incurred significant medical and funeral expenses.

51.    Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Patricia Ann Pace, as Administratrix of the Estate of Sarah Elizabeth Pace, deceased, and on behalf of the wrongful death beneficiaries of Sarah Elizabeth Pace, prays for judgment against Defendants, Medco Franklin RE, LLC d/b/a Medco Center of Franklin, Medco Franklin RE, LLC, Extendicare Health Services, Inc., and John Does 1 through 5, Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this __6th__ day of July, 2012.

> Patricia Ann Pace, as Administratrix of the Estate of Sarah Elizabeth Pace, deceased
>
> By: _____
> Christopher L. Rhoads
> RHOADS & RHOADS, P.S.C.
> 115 East Second Street
> Suite 100
> P.O. Box 2023
> Owensboro, KY 42302-2023
> Telephone: (270) 683-4600
> Facsimile: (270) 683-1653
> E-Mail: chris@rhoadsandrhoads.com
>
> and
>
> W. Todd Harvey
> Camille L. Edwards
> BURKE HARVEY & FRANKOWSKI, LLC
> 2151 Highland Avenue
> Suite 120
> Birmingham, AL 35205
> Telephone: (205) 930-9091
> Facsimile: (205) 930-9054
> E-Mail: tharvey@bhflegal.com
>        cedwards@bhflegal.com
>
> ATTORNEYS FOR PLAINTIFF

18

AOC-805
Rev. 10-05
Page 3 of 3

Case No. _11-P-126_

IN RE: Estate of ___Sarah Elizabeth Pace___

## ORDER

[ ✓ ]  Petition filed this _____ day of _____, 2____.

[ ]  Will tendered this _____ day of _____, 2____.

Upon hearing, the Will offered was proven by _____

and ORDERED PROBATED as the Last Will and Testament of Decedent this _____ day of _____, 2____.

The Court appoints: _____Patricia Ann Pace_____ as

[ ] Executor/Executrix OR [ ✓ ] Administrator/Administratrix of said estate and fixes bond in the sum of

$ __500.00__ [ ] with surety OR [ ✓ ] without surety.

Date: __December 18, 2011__          _Judge's Signature_
                                     Martha Blair Harrison

Distribution:
        Case File
    ✓ Revenue Cabinet
    ✓ AF

```
ENTERED
JAN J. MURPHREE, CLERK
DEC 1 3 2011
SIMPSON CIRCUIT/DISTRICT COURT
BY _____ D.C.
```

# ATTACHMENT 1