UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CV-00132

PATRICIA ANN PACE, AS
ADMINISTRATRIX OF THE
ESTATE OF SARAH ELIZABETH
PACE, DECEASED                                                                          PLAINTIFF

v.

MEDCO FRANKLIN RE, LLC, D/B/A/
MEDCO CENTER OF FRANKLIN;
MEDCO FRANKLIN RE, LLC;
EXTENDICARE HEALTH SERVICES,
INC., and JOHN DOES 1 THROUGH 5,
UNKNOWN DEFENDANTS                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Defendants' motion for partial judgment on the pleadings. (Defs.' Mot., Docket Number ("DN") 10.) The Plaintiff responded. (Pl.'s Resp., DN 14.) The Defendants replied. (Defs.' Reply, DN 27.) Fully briefed, this matter is ripe for adjudication. For all of the following reasons, the Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

I.

Plaintiff Patricia Pace ("Pace") is the administratrix of the estate of Sarah Elizabeth Pace ("Sarah"). In that capacity Pace asserts various causes of action, including negligence, medical negligence, corporate negligence, violation of long term care resident's rights, wrongful death, and other statutory and regulatory violations. Pace brings these claims against the Medco Center of Franklin; Medco Franklin RE, LLC; and Extendicare Health Services, Inc. ("Nursing Home Defendants"). She also brings those claims against John Does 1 through 5 (referred to collectively with the Nursing Home Defendants as "Defendants"). These causes of action arise

1

from Sarah's stay and treatment at a facility owned and operated by the Nursing Home Defendants in Simpson County, Kentucky. Sarah was a resident of the facility from September 2 until October 18, 2011. On that day, she was transferred from the facility to the Medical Center at Franklin where she died on October 22, 2011.

The Nursing Home Defendants' present motion does not seek dismissal of every cause of action asserted by Pace. Rather, the Nursing Home Defendants, pursuant to Federal Rule of Civil Procedure 12(c), seek judgment on the pleadings for Pace's causes of action asserted pursuant to KRS § 446.070, Kentucky's negligence *per se* statute. Pace's negligence *per se* claims are divided into three broad categories. First, on the "federal claim," she alleges that the Nursing Home Defendants were *per se* negligent for violation of "the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act." (Compl., DN 1-1, ¶¶ 23(c), 42(e), 43.) Second, on the "criminal claim," she asserts negligence *per se* for violation of KRS § 530.080, a provision of Kentucky's penal code creating a misdemeanor for "endangering the welfare of an incompetent person." (*Id.* at ¶ 23(b).) Finally, on the "state claim," Pace charges that the Nursing Home Defendants were *per se* negligent for violating Chapters 209 and 216 of the Kentucky Revised Statutes. (*Id.* at ¶¶ 23(a), 23(c), 40-44.) Chapter 209 contains various statutes relating to the "Protection of Adults," while Chapter 216 addresses the licensing requirements for long-term care facilities and establishes the rights of residents in those facilities. In all, the Nursing Home Defendants argue that Pace has no cause of action under any of these categories and that any claim based on negligence *per se* must be dismissed.

## II.

After the pleadings are closed, a party may move for judgment on the pleadings pursuant

to Federal Rule of Civil Procedure 12(c). A district court considers a Rule 12(c) motion under the same standard governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusions and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

### III.

Kentucky's negligence *per se* statute provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." KRS § 446.070. The Nursing Home Defendants contend that Pace has no cause of action for the federal, criminal, and state negligence *per se* claims outlined above. The Court considers each category separately.

### 1.

First, the Nursing Home Defendants argue that violation of the federal statutes and

regulations alleged in the complaint are not actionable under Kentucky's negligence *per se* statute. The Court agrees. As an initial matter, it appears that Pace effectively conceded this point as she did not oppose the Nursing Home Defendants' argument on the federal claim in her response brief. Even had she responded, dismissal of the federal claim would still be appropriate because "Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and *does not extend to federal statutes and regulations* . . . ." *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. Ct. App. 2008) (emphasis added) (citing *T&M Jewelry, Inc. v. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006)); *see Cummings v. BIC USA, Inc.*, No. 1:08-CV-00019, 2011 WL 1399768, at *3 (W.D. Ky. April 13, 2011). "The Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws and the laws of other states and thereby confer a private civil remedy for such a vast array of violations." *Hicks*, 189 S.W.3d at 530; *Alderman v. Bradley*, 957 S.W.2d 265, 266 (Ky. Ct. App. 1997) ("[The reach of KRS § 446.070] is limited to violations of Kentucky statutes and does not extend to federal regulations."). Therefore, as a matter of law, Pace may not assert a negligence *per se* claim under Kentucky law for violation of federal statutes and regulations at issue in this action. It is clearly established in Kentucky law that "[v]iolations of federal laws and regulations and the law of other states do not create a cause of action based on KRS 446.070." *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011) (citation omitted). The "any statute" language of KRS § 446.070 relates only to Kentucky's state law and does not embrace federal statutes or regulations. Pace's negligence *per se* claim based on violation of federal law fails as a matter of law and will be dismissed.

### 2.

Second, the Nursing Home Defendants contend that Pace's assertion of negligence *per se* for violation of KRS § 530.080 also fails as a matter of law. Although Pace also failed to

4

respond to the Nursing Home Defendants' arguments on this issue, the Court finds that she can maintain a negligence *per se* claim for violation of this statute.

KRS § 446.070 "creates a private right of action in a person damaged by another person's violation of any statute that is penal in nature and provides no civil remedy, if the person damaged is within the class of persons the statute intended to be protected." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005) (citations omitted). Accordingly, in order for Pace to maintain a negligence *per se* action for the Nursing Home Defendants' violation of KRS § 530.080, Sarah must be within the class of person protected by the statute, and the statute must be penal in nature and silent as to any civil remedy. These elements are present in KRS § 530.080.

First, a private right of action may be maintained "for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute." *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988). The complaint alleges, and the Court assumes as true, that Sarah was "[a]t all relevant times . . . of unsound mind, and she remained incompetent until her death on October 22, 2011." (Compl., DN 1-1, ¶ 4.) KRS § 530.080 creates criminal liability for anyone who endangers the "welfare of an incompetent person" by acting "in a manner which results in an injury to the physical or mental welfare of a person who is unable to care for himself because of mental illness or intellectual disability." The complaint alleges that the Nursing Home Defendants violated KRS § 530.080 "by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of [Sarah], who was unable to care for himself [sic] because of her illness[.]" (Compl., DN 1-1, ¶ 23(b).) Based on these allegation, Sarah clearly belongs to the class intended to be protected by KRS § 530.080.

Second, a private right of action may be maintained via KRS § 446.070 for violation of a statute if the underlying statute "is penal in nature[.]" *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky.

5

1985). KRS § 350.080 falls within Kentucky's penal code and a violation of the statute is punishable as a Class A misdemeanor. KRS § 350.080(2). The statute is undoubtedly penal in nature.

Finally, if the first two prongs are fulfilled, a private right of action for violation of a statute may be maintained pursuant to KRS § 446.070 "where by its terms the statute [at issue] does not prescribed the remedy for its violation." *Grzyb*, 700 S.W.2d at 401." However, '[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute,' and may not sue under section 446.070." *Thompson v. Breeding*, 351 F.3d 732, 736 (6th Cir. 2003) (quoting *Grzyb,* 700 S.W.2d at 401). As noted by the Sixth Circuit, "[t]he Kentucky Supreme Court has carefully limited the applicability of section 446.070 to situations where the statute that was allegedly violated provides no remedy for the aggrieved party." *Id. at* 737 (citations omitted). In the present case, no civil remedy is prescribed in KRS § 530.080. A violation of the statute is criminally punishable as a "Class A misdemeanor," meaning that it is an offense "for which a sentence to a term of imprisonment of not more than twelve (12) months can be imposed." KRS § 500.080 (defining "misdemeanor" for the purposes of Kentucky's penal code). But the statute is silent as to a civil remedy available to an individual injured by violation of the statute. Accordingly, the third prong of a private right of action pursuant to KRS 446.070 is fulfilled.

In total, Pace may maintain a private right of action against the Nursing Home Defendants for their alleged violation of KRS 350.080 because Sarah was a member of the class protected by the statute, the statute is penal in nature, and provides no civil remedy for its violation. To the extent that the Nursing Home Defendants rely on *Anthony v. American General*

*Financial Services, Inc.*, 697 S.E.2d 166, 173 (Ga. 2010), and *Vansant & Gusler, Inc. v. Washington*, 429 S.E.2d 31, 34 (Va. 1993), for the proposition that a private right of action cannot be maintained for violation of a criminal statute, the Court is not persuaded by those cases. The negligence *per se* statutes in Georgia and Virginia are worded differently than KRS § 446.070, and in light of the above-conducted analysis and interpretation of the negligence *per se* statute by Kentucky courts, the Court is persuaded that a Kentucky court considering this issue would hold that Pace can maintain a negligence *per se* action against the Nursing Home Defendants for their alleged violation of KRS § 350.080. Therefore, this claim will not be dismissed.

**3.**

Finally, the Nursing Home Defendants argue that Pace may not maintain a claim for alleged violations of KRS Chapters 209 and 216 and the regulations promulgated thereunder. Considering each of these chapters separately, the Court finds that, except for the rights explicitly given to residents of long-term care facilities by KRS § 216.515, Pace's cause of action under these statutes fails as a matter of law.

**i.**

Chapter 209 of the Kentucky Revised Statutes, KRS § 209.005 *et seq.*, is known as the Kentucky Adult Protection Act ("KAPA"). KRS § 209.080. Pace's attempt to maintain a negligence *per se* action against the Nursing Home Defendants for their violation of KAPA fails for two reasons. First, KAPA grants no right of enforcement to individuals. Rather, KAPA vests the state of Kentucky with an obligation to investigate and prosecute instances of adult abuse reported to the state. KAPA's underlying purpose is to "provide for the protection of adults who may be suffering from abuse, neglect, or exploitation." KRS § 209.010(1)(a). To carry out that

purpose, "any person who becomes aware of [abuse] shall report them to a representative of the [Cabinet for Health and Family Services], thereby causing the protective services *of the state* to be brought to bear in an effort to protect the health and welfare of these adults[.]"  KRS § 209.010(1)(b) (emphasis added).  The previously quoted section makes clear that the protections established by KAPA are to be "brought to bear" by the state.  Indeed, KRS § 209.180 establishes Kentucky's Commonwealth and county attorneys as the state officers responsible for investigating and prosecuting allegations of adult abuse.  Nothing in KAPA grants individuals the right to prosecute claims of adult abuse. KAPA's provisions only relate to the state's authority to do so.  This is confirmed by KAPA's statement of legislative intent:

> The General Assembly of the Commonwealth of Kentucky recognizes that some adults of the Commonwealth are unable to manage their own affairs or to protect themselves from abuse, neglect, or exploitation.  Often such persons cannot find others able or willing to render assistance.  The General Assembly intends, through this chapter, to establish a system of protective services designed to fill this need and to assure their availability to all adults.

KRS § 209.090.  Accordingly, Chapter 209 simply prescribes procedures, committees, and methods that the state of Kentucky must follow when investigating and prosecuting allegations of adult abuse.  Nothing in KAPA was intended to create enforcement rights in individuals.

Second, Pace's attempt to pursue negligence *per se* under KAPA fails because no statutory standards of care are prescribed within the act.  Therefore, even if individuals have a right to pursue violations of KAPA, there is no statutorily provided standard by which to judge those violations.  A negligence *per se* claim "is merely a negligence claim with a statutory standard of care substituted for the common law standard of care."  *Young v. Carran*, 289 S.W.3d 586, 588-89 (Ky. 2008) (citations omitted).  Absent some statutorily prescribed standard of care, however, there is no negligence *per se* cause of action as a matter of law.

Pace broadly alleges that the Nursing Home Defendants violated "KRS 209.005 et seq.

8

and the regulations promulgated thereunder by abuse, neglect and/or exploitation of [Sarah]." (Compl., DN 1-1, ¶ 23(a).) In the complaint and the subsequent briefing on the present motion, Pace fails to identify any statutorily prescribed standards of care within KAPA that replace the common law standard of care. Upon its own review of the statutes, the Court could not find any standards of care prescribed in KAPA. Rather, as discussed above, KAPA is largely a procedural statute establishing a framework for processing adult abuse claims reported to the state of Kentucky. This is not to say that individuals are entirely prohibited from bringing suit against others for adult abuse. To do so, however, they must pursue those claims under the common law theory of negligence because no superseding standard is contained within KAPA. Absent a statutorily prescribed standard of care, Pace's negligence *per se* claim under KAPA fails as a matter of law.

### ii.

Pace also brings a negligence *per se* claim against the Nursing Home Defendants for violating "the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder[.]" (Compl., DN 1-1, ¶ 23(c).) This claim fails as a matter of law because KRS § 216.515(26) provides a private right of action for the violation of any of the rights set forth in KRS § 216.515. Enumeration of specific rights that are enforceable via KRS § 216.515(26) precludes a negligence *per se* action to enforce the broader provision of KRS Chapter 216. The specific enumeration evidences the intent of Kentucky's General Assembly to confine private rights of action to those rights in KRS § 216.515 to the exclusion of other aspects of Chapter 216.

The Nursing Home Defendants do not dispute Pace's ability to bring a private right of

9

action to enforce the rights granted to residents of long-term care facilities by KRS § 216.515. By way of example, Pace contends, among other things, that the Nursing Home Defendants violated KRS § 216.515(22), which vests a resident with the right to have his or her family member or guardian "notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident." (*See* Compl., DN 1-1, ¶ 42(b).) Residents and their guardian are granted a private right of action to enforce this right by KRS § 216.515(26), which provides that "[a]ny resident whose rights as specified in this section are deprived or infringed upon shall have a cause of action against any facility responsible for the violation."

Although the Nursing Home Defendants do not seek dismissal of the rights asserted by Pace under KRS § 216.515, they argue that any negligence *per se* claim for enforcement of the other provisions of KRS Chapter 216 fails as a matter of law because only those rights created by KRS § 216.515 are enforceable in a private right of action. Put another way, the specific grant of a private right of action for violation of the rights enumerated in KRS § 216.515 precludes a negligence *per se* action to enforce the general provisions of Chapter 216. The Court agrees.

As discussed previously, a plaintiff lacks a negligence *per se* cause of action under KRS § 446.070 where the more specific statute at issue "both declares the unlawful act and specifies the civil remedy available[.]" *Grzby v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). In that situation, the plaintiff "is limited to the remedy provided by the statute." *Id.* (citations omitted). This outcome flows from the general rule of statutory construction that "when two statutes are in conflict, one which deals with the subject matter in a general way and the other in a specific way, the more specific provision prevails." *Travelers Indem. Co. v. Reker*, 100 S.W.3d 756, 763 (Ky. 2003). In the present action, Kentucky's General Assembly, in KRS § 216.515, expressly listed the rights

10

granted to residents of long-term care facilities and made those rights enforceable via a private right of action in KRS § 216.515(26). This evidences the legislature's intent and ability to create private rights of action for some of the provisions found in KRS Chapter 216 to the exclusion of others. "[A] civil remedy need not be perfect in order to displace a private cause of action under § 446.070." *Franklin Cnty., Ky. v. Travelers Prop. Cas. Ins. Co.*, 368 F. App'x 669, 672-73 (6th Cir. 2010). Accordingly, because KRS § 216.515 provides a cause of action to enforce the rights enumerated therein, Pace is precluded from seeking private enforcement of the other provisions of KRS Chapter 216.

In response to the Nursing Home Defendants' "specific versus general" argument, Pace points the Court to the last sentence of KRS § 216.515(26), which states that "the remedies provided in this section *are in addition to and cumulative with the other legal and administrative remedies* available to a resident and to the cabinet." (emphasis added). Based on this language, Pace argues that the rights set forth in KRS § 216.515 and made enforceable via a private right of action in that section are not the only provisions of KRS Chapter 216 that are individually enforceable. Under Pace's understanding, other provisions of KRS Chapter 216 are enforceable via KRS § 446.070 as a negligence *per se* action.

Pace's reliance on the last sentence in KRS § 216.515 is misplaced. Although no decision have interpreted this provision in Kentucky law, a similar provision contained in 42 U.S.C § 1396r(h)(8), the federal statute concerning nursing home certification, has been interpreted to preserve the right to bring suit in common law, not to create new federal rights not expressly enumerated. *See Baum v. Northern Dutchess Hosp.*, 764 F. Supp. 2d 410, 426 (N.D.N.Y. 2011) ("The overall text and structure of [the federal nursing home act] provides no indication that Congress intended to create new individual rights. To the contrary, rather than

11

establishing a new federally enforceable right, [42 U.S.C. 1396r(h)(8)] explicitly announces that a resident may pursue any other federal and common law rights."). This same reasoning applies to the last sentence of KRS § 216.515(26). That provision does not authorize the enforcement of the other provisions of KRS Chapter 216 via KRS § 446.070. Rather, it makes clear that rights expressly listed in KRS § 216.515 are in addition to already existing common law rights and does not preempt or otherwise preclude enforcement of those other rights.

Finally, the provisions of KRS Chapter 216 outside of KRS § 216.515 are unenforceable via a claim of negligence *per se* for an additional reason. As with the prior discussion of KAPA, the other provisions of KRS Chapter 216 do not speak of or otherwise create statutorily prescribed standards of care. Instead, the remaining provisions establish nursing home licensing requirements and enforcement mechanisms for those requirements through the state of Kentucky. As with KAPA, Pace has not pointed to one statutorily created standard of care arising outside of KRS § 216.515, and the Court, in a review of the remaining provision of KRS Chapter 216, has likewise failed to find any. Absent a prescribed standard of care, the other provisions of KRS Chapter 216 are unenforceable as a negligence *per se* action.

## CONCLUSION

This matter came before the Court on the Nursing Home Defendants' motion for partial judgment on the pleadings. For all of the foregoing reasons that motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff Patricia Pace's negligence *per se* claim based on federal statutes and regulations is **DISMISSED**. Likewise, her causes of action under KRS Chapters 209 and 216, save for those rights expressly enumerated in KRS § 216.515, are also **DISMISSED**. Her claim brought pursuant to KRS § 530.080 may proceeded.